UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHY R.,

        Plaintiff,

  -v-                                    6:19-CV-385

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

KATHY R.
Plaintiff, Pro Se
5501 Greig Road
Greig, NY 13345

SOCIAL SECURITY ADMINISTRATION       NATASHA OELTJEN, ESQ.
  OFFICE OF REGIONAL GENERAL         Special Ass't United States Attorney
  COUNSEL – REGION II
Attorneys for Defendant
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On April 1, 2019, *pro se* plaintiff Kathy R.[1] ("Kathy" or "plaintiff") filed this action

seeking review of defendant Commissioner of Social Security's ("Commissioner" or

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be used in this opinion.

"defendant") final decision denying her application for Disability Insurance Benefits ("DIB").

On July 16, 2019, the Commissioner filed the Administrative Record on Appeal, an event that triggers a briefing schedule set out in General Order 18, which governs Social Security cases in this District. In accordance with this Order, U.S. Magistrate Judge Andrew T. Baxter directed Kathy to file with the Court an opening brief setting forth the grounds that she believed entitled her to relief within the next forty-five days; *i.e.*, on or before August 30, 2019. Dkt. No. 13.

When August 30th passed without any filing from Kathy, Judge Baxter issued a second text order in which he concluded that plaintiff, proceeding *pro se*, was likely unfamiliar with the briefing requirements set forth in General Order 18. Dkt. No. 14. Accordingly, Judge Baxter *sua sponte* directed defendant to file his brief out of order; *i.e.*, before plaintiff's brief was due, and re-set the deadline for plaintiff's brief to forty-five days after defendant's filing came in. *Id*.

On November 5, 2019, the Commissioner filed his brief. Dkt. No. 17. Thereafter, Judge Baxter issued a text order setting the due date for Kathy's brief to December 20, 2019. Dkt. No. 19. On the eve of this new forty-five day deadline, plaintiff filed with the Court a letter in which she requested a sixty-day extension. Dkt. No. 20. Judge Baxter granted plaintiff's request and reset the cutoff for plaintiff's brief to February 18, 2020. Dkt. No. 21.

That date also passed without a filing from Kathy. On February 24, 2020, plaintiff filed with the Court a letter withdrawing her appeal. Dkt. No. 22. According to her letter, she no longer had legal representation to help her with her case and instead planned to "re-apply for benefits in the future." *Id*. Upon review of that filing, Judge Baxter issued a text order advising plaintiff that she would not be penalized if she failed to file a brief in this case. Dkt.

No. 23. Instead, Judge Baxter explained, the Court would still review her case on the merits. *Id*. Judge Baxter further directed plaintiff to advise the Court by March 10, 2020 whether or not "she still wants to voluntarily withdraw this case or if this case can proceed before the court for consideration." *Id*.

That date has since passed without any new filing from Kathy. On March 31, 2020, Chief U.S. District Judge Glenn T. Suddaby terminated the case referral to Judge Baxter, leaving plaintiff's appeal to be decided directly by this Court. Accordingly, the matter will be considered on the basis of the available submissions without oral argument.[2]

## II. **BACKGROUND**

On September 4, 2015, Kathy filed an application for DIB alleging that her back, hip, and leg pain, as well as migraines, depression, and memory loss, rendered her disabled beginning on July 28, 2004. R. at 118, 139, 144.[3] According to plaintiff's testimony and medical records, these impairments stem primarily from head and back injuries she suffered in a work-related accident in 1998. *Id*. at 36-37, 282. In short, plaintiff slipped on ice when she exited a work van. *Id*. at 282.

Kathy's benefits claim was initially denied on November 3, 2015. R. at 55-58. At her request, a video hearing was held before Administrative Law Judge ("ALJ") Jeremy G. Eldred on January 26, 2018. *Id*. at 27-48. Plaintiff, represented by attorney Brian Jayakumar, appeared and testified from Watertown, New York. *Id*. The ALJ also heard testimony from Vocational Expert ("VE") Sheila G. Justice. *Id*.

---

[2] Pursuant to General Order 18, consideration of this matter will proceed as if the Commissioner had accompanied his brief with a motion for judgment on the pleadings.

[3] Citations to "R." refer to the Administrative Record. Dkt. No. 12.

Thereafter, the ALJ issued a written decision denying Kathy's application for benefits from July 28, 2004, the alleged onset date, through December 31, 2007, the expiration date of plaintiff's insured status. R. at 15-23. This decision became the final decision of the Commissioner on February 1, 2019, when the Appeals Council denied plaintiff's renewed request for review. *Id*. at 1-4.

### III. DISCUSSION

#### A. Standard of Review

A court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied. *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive. *See Williams*, 859 F.2d at 258. Indeed, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's decision must be upheld—even if the court's independent review of the evidence may differ from the Commissioner's. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *Rosado v.*

*Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

### B. Disability Determination—The Five-Step Evaluation Process

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 423(d)(2)(A).

The ALJ must follow a five-step evaluation process in deciding whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ must determine whether the claimant has engaged in substantial gainful activity. A claimant engaged in substantial gainful activity is not disabled, and is therefore not entitled to benefits. *Id*. §§ 404.1520(b), 416.920(b).

If the claimant has not engaged in substantial gainful activity, then step two requires

the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his physical or mental ability to perform basic work activities. *Id*. §§ 404.1520©), 416.920©).

If the claimant is found to suffer from a severe impairment or combination of impairments, then step three requires the ALJ to determine whether, based solely on medical evidence, the impairment or combination of impairments meets or equals an impairment listed in Appendix 1 of the regulations (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d); *see also id.* Pt. 404, Subpt. P, App. 1. If the claimant's impairment or combination of impairments meets one or more of the Listings, then the claimant is "presumptively disabled." *Martone*, 70 F. Supp. 2d at 149 (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether—despite the claimant's severe impairment—he has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The burden of proof with regard to these first four steps is on the claimant. *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

If it is determined that the claimant cannot perform his past relevant work, the burden shifts to the Commissioner for step five. *Perez*, 77 F.3d at 46. This step requires the ALJ to examine whether the claimant can do any type of work. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The regulations provide that factors such as a claimant's age, physical ability, education, and previous work experience should be evaluated to determine whether a claimant retains the RFC to perform work in any of five categories of jobs: very heavy,

heavy, medium, light, and sedentary. *Perez*, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2).

"[T]he Commissioner need only show that there is work in the national economy that the claimant can do; [she] need not provide additional evidence of the claimant's residual functional capacity." *Poupore*, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)).

### C. ALJ's Decision

The ALJ applied the five-step disability determination to find that: (1) Kathy had not engaged in substantial gainful activity between July 28, 2004, the alleged onset date, and December 31, 2007, the date her insured status expired; (2) plaintiff's lumbar strain, history of reconstructive ankle surgery, migraine headaches, and obesity were severe impairments within the meaning of the Regulations; and that (3) these impairments, whether considered individually or in combination, did not meet or equal any of the Listings. R. at 17-18.

At step four, the ALJ determined that Kathy retained the RFC to perform "the full range of sedentary work." R. at 18. The ALJ determined that this finding precluded plaintiff from performing any of her past relevant work. *Id*. at 21. However, because plaintiff suffered from impairments that were only exertional in nature, the ALJ relied on the Grids to conclude that plaintiff was not disabled during the relevant time period. *Id*. at 22. Accordingly, the ALJ denied plaintiff's application for benefits. *Id*.

### D. Kathy's Appeal

As Judge Baxter initially planned to do, this Court has independently scrutinized the Commissioner's final decision to ensure that it complies with the applicable standard of review. *See, e.g.*, *Sean Quinton T. v. Comm'r of Soc. Sec.*, 2019 WL 5842791 (N.D.N.Y. Nov. 7, 2019) (reviewing Commissioner's denial of benefits where *pro se* plaintiff failed to

identify any particular grounds on which remand might be warranted). The Court has also reviewed defendant's brief in support of affirmance. Dkt. No. 17.

Two issues warrant brief discussion. First, Kathy testified that she had recently been diagnosed with fibromyalgia and bilateral carpal tunnel syndrome. R. at 35, 41. As the Commissioner notes, these impairments were not included in the ALJ's step two severity finding. R. at 17-18. However, as the Commissioner also notes, these two diagnoses both came in 2012, many years after plaintiff's date last insured.[4] Def.'s Mem. at 8.

While additional impairments that stem from these more recent diagnoses might become relevant to a later-filed application for supplemental security income ("SSI"), they are well outside the relevant time period for assessing Kathy's application for DIB. *See, e.g.*, *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (explaining that eligibility for DIB is based on insured status while entitlement to SSI is governed by need); *Arnone v. Bowen*, 882 F.3d 34, 38 (2d Cir. 1989) (explaining that claimant must establish disability before expiration of insured status "regardless of the seriousness of his present disability"). Accordingly, the ALJ did not err in excluding these impairments from his step two severity finding.

Second, at step four the ALJ concluded that Kathy could perform the "full range of sedentary work," and therefore at step five relied solely on the Grids—without input from the Vocational Expert—to conclude that plaintiff was not disabled during the relevant time period. R. at 18-22.

Upon review, the ALJ's written decision confirms that he properly evaluated the

---

[4] The date last insured ("DLI") is a technical term used by the Commissioner to mark the last day on which a claimant is eligible for DIB and is calculated using the claimant's recent work history—broadly speaking, taxes paid into the Social Security system accrue as "work credits" that provide quarters of insurance coverage under the program. *See, e.g.*, *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (Cardamone, J.).

- 8 -

medical evidence available to him to piece together an overall RFC assessment. *See, e.g.*, *Samantha S. v. Comm'r of Soc. Sec.*, 385 F. Supp. 3d 174, 185 (N.D.N.Y. 2019). Indeed, as the Commissioner points out, the ALJ's RFC finding is actually the more restrictive one supported by the record. Def.'s Mem. at 14 (explaining that the medical opinions would have supported limitation "to either sedentary or light work").

And in the absence of any nonexertional limitations, the ALJ acted permissibly in relying solely on the Grids to satisfy his burden of proof at step five. *See, e.g.*, *Knight v. Astrue*, 32 F. Supp. 3d 210, 223 (N.D.N.Y. 2012) (Bianchini, M.J.) (explaining that an ALJ is not required to rely on vocational expert unless a claimant's nonexertional impairments "significantly diminish" their ability to do work-related activities). Accordingly, the ALJ did not err at step five.

In sum, the Court has independently examined, within the confines of the fairly deferential standard of review appropriate in the Social Security setting, whether there is any reason to second-guess the findings and conclusions memorialized in the ALJ's written decision. Because no grounds for reversal or remand are apparent from the record and the Commissioner's brief sets forth a persuasive argument in favor of affirmance, defendant's final decision denying Kathy's claim for benefits will be affirmed.

## IV. **CONCLUSION**

The ALJ applied the appropriate legal standards and supported his written decision with substantial evidence in the record.

Therefore, it is

ORDERED that

1. Kathy's motion for judgment on the pleadings is DENIED;

2. The Commissioner's motion for judgment on the pleadings is GRANTED;

3. The Commissioner's decision is AFFIRMED; and

4. Kathy's complaint is DISMISSED.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

Dated: April 14, 2020
Utica, New York.

_____
United States District Judge